**In re CARNEY & SONS TRUCKING SERVICES, INC., Debtor.**

**Bankruptcy No. 90–3193–BKC–3P1.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

July 6, 1992.

Albert Mickler, Jacksonville, Fla., for debtor.

Armistead Ellis, Daytona Beach, Fla., for Tilden Financial Corp.

### FINDINGS OF FACTS AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon Debtor's Motion for Sanctions against Tilden Financial Corporation ("Tilden") for violation of 11 U.S.C. § 362(a). A hearing on the motion was held on April 16, 1992. At the conclusion of the hearing, the Court requested that the attorneys for each side submit proposed Findings of Facts and Conclusions of Law and an Order. Debtor's counsel complied; however, Tilden's counsel did not. Upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

## Findings of Fact

Debtor filed a chapter 11 petition for relief under the Bankruptcy Code on August 9, 1990. At the time of the filing, debtor possessed a 1990 General Motors Corporation tractor in which Tilden had a security interest.

Tilden filed a motion for relief from stay and the Court entered an order granting adequate protection on September 23, 1991. Pursuant to the Order, debtor was to make monthly payments to Tilden.

On October 14, 1991, the tractor was damaged in an accident and needed repairs. Since the tractor was insured, debtor received a check for $14,693.91 from the insurance carrier to cover the repairs. The check required endorsement by both debtor and Tilden.

Debtor asked Tilden to endorse the check. In fact, debtor's attorney wrote Tilden's attorney requesting that such endorsement be made. Tilden ignored the requests, stating that they wanted the vehicle back.

Unable to pay for the repairs, debtor lost the use of the tractor and, consequently, the income it generated. Accordingly, debtor was unable to make the required adequate protection payments to Tilden.

## Conclusions of Law

■ Section 362(h) provides an individual with recourse when injured by a willful violation of the automatic stay. The section reads in relevant part:

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Thus, where a "willful" violation has occurred, compensatory damages are mandatory. *In re Kilby,* 100 B.R. 579, 581 (Bankr.M.D.Fla.1989).

■ In order to qualify as "willful" the conduct need only have been deliberate, a specific intent to violate a court order is not a prerequisite for a § 362(h) violation. *Id.;*

*In re Wagner,* 74 B.R. 898 (Bankr.E.D.Pa. 1987).

■ When Tilden refused to endorse the insurance check, it acted deliberately. Tilden, having filed a motion for relief from stay, was fully aware of the existence of the automatic stay and committed a deliberate act in contravention of such stay. As a direct consequence, debtor was deprived of use of the tractor.

■ However, 362(h), by its terms, only provides a remedy for "individuals" injured by willful violations of the automatic stay. In the instant case, debtor, a corporate entity, seeks to recover damages for the violation.

Currently, a split in the Circuit Courts of Appeals exists as to the applicability of § 362(h) to artificial entities. The Third and Fourth Circuits have held that the word "individual" is to be given a broad scope and includes corporations, as well as other artificial entities. Such a construction is necessary to uphold the purpose of the automatic stay. *In re Atlantic Business & Community Corp.,* 901 F.2d 325 (3rd Cir.1990); *Budget Service Co. v. Better Homes of Virginia, Inc.,* 804 F.2d 289 (4th Cir.1986).

The Second Circuit, on the other hand, adheres to the view that the word "individual" should be more narrowly construed and is limited to natural persons. The Court looked at § 101(35), which defines "person" to include "individual, partnership, and corporation," and determined that Congress intended individuals to be distinct from corporations. The Court also noted various places in the Code where the drafters distinguished between persons and individuals. Accordingly, the Second Circuit concluded that § 326(h) did not apply to debtors who were not natural persons and that for such debtors contempt proceedings were the appropriate remedy for a willful stay violation. *In re Chateaugay Corp.,* 920 F.2d 183 (2d Cir.1990).

The Eleventh Circuit has not spoken on this issue. However, this Court stated in *In re Blue Water Bay, Inc.,* 1989 WL 162791 (Bankr.M.D.Fla.1989), that it de-

clined to follow the rationale of Fourth Circuit. The reasoning of the Second Circuit is more persuasive and better comports with the plain language of the statute. Accordingly, this Court finds that § 362(h) does not apply in cases involving corporate debtors.

Although § 362(h) does not provide debtor with a remedy, contempt sanctions pursuant to Federal Rule of Bankruptcy Procedure 9020 are appropriate in this case. Rule 9020(b) states in relevant part: "Contempt committed in a case or proceeding pending before a bankruptcy judge ... may be determined by the bankruptcy judge only after a hearing on notice."

In the case a bar, Tilden's refusal to endorse the insurance check was a deliberate and knowing violation of the automatic stay. Pursuant to its powers under § 105 and Rule 9020, the Court finds that such refusal constituted contempt warranting imposition of sanctions against Tilden. *See In re First RepublicBank Corp.*, 113 B.R. 277, 279 (Bankr.N.D.Tex.1989); *In re Brilliant Glass, Inc.*, 99 B.R. 16, 18 (Bankr. C.D.Cal.1988).

Accordingly, the payments due to Tilden from debtor under the September 23, 1991, Adequate Protection Order are abated from January 2, 1992, (the date on which debtor's attorney wrote Tilden requesting that the insurance check be endorsed) until such endorsement is made. After endorsing the check, Tilden may apply to this Court to have the adequate protection payments reinstated.

A separate order will be entered in accordance with these Findings of Fact and Conclusions of Law.