United States Court of Appeals,

Eleventh Circuit.

No. 94-3073.

In re RUSH-HAMPTON INDUSTRIES, INC., Debtor.

UNITED STATES of America, Plaintiff-Appellant,

v.

Andrea A. RUFF, Trustee, Defendant-Appellee.

Oct. 28, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 94-223-CIV-ORL-19), George C. Young, Judge.

Before TJOFLAT, Circuit Judge, and RONEY and CAMPBELL[*], Senior Circuit Judges.

RONEY, Senior Circuit Judge:

The sole question on this appeal is the correctness of the bankruptcy court's denial of the United States' right to setoff against an overpayment of 1979 taxes, post-petition interest on an underpayment of 1978 taxes. The district court's affirmance of that decision is before us for review. We vacate and remand for further consideration.

The parties are well aware of the details of this case, which need not be recited here. Although originally filed as a Chapter 11 bankruptcy reorganization, this case was converted to a Chapter 7 liquidation proceeding in February 6, 1986. Thereafter, on May 27, 1986, the IRS filed a claim for unpaid 1978 taxes plus interest to the petition date. Later the trustee filed an amended tax return for 1979. In February 1990, the IRS determined that the

---

[*]Judge Levin H. Campbell, Senior U.S. Circuit Judge for the First Circuit, sitting by designation.

debtor had made overpayment for its 1979 income taxes.

The IRS made a setoff of the 1978 taxes and prepetition interest without seeking a waiver of the automatic stay provisions of the Bankruptcy Act. After objection by the trustee, the Government moved for the court to lift the stay. The trustee did not oppose the motion. The court did lift the stay with the caveat that the action did not affect the trustee's right to oppose the proposed setoff "on its merits."

Although the United States had violated the automatic stay provisions of Section 362 of the Bankruptcy Code, the court nevertheless held that it "would not penalize the IRS for its improper setoff" and allowed the 1978 underpayment plus prepetition interest as a setoff against the refund of the 1979 overpayment. It then held, however, that it "would not reward the IRS for offsetting prior to receiving relief from the automatic stay by allowing it to setoff post-petition interest." 159 B.R. 343, 347 (Bankr.M.D.Fla.1993). The district court affirmed, adopting the findings of fact and conclusions of law of the bankruptcy court. We affirm the district court's judgment to affirm the decisions and rationale of the bankruptcy court in all respects except in the denial of the setoff of post-petition interest. After oral argument, briefs, and supplemental briefs, we fail to see how the allowance of post-petition interest would "reward" the IRS for the offset prior to the bankruptcy court's granting of relief from the automatic stay as the IRS would have been entitled to post-petition interest had it taken timely action to lift the stay. We, therefore, vacate and remand for reconsideration of the denial of

relief in this regard.

The trustee has failed to convince us that the IRS is not entitled to a setoff of post-petition interest "on the merits," that to allow that setoff now would reward IRS for effecting the setoff before asking the court to lift the automatic stay, or that the estate was somehow harmed by the violation of the automatic stay provisions.

By statute, the Government earns interest on delinquent taxes until they are paid. I.R.C. § 6601(a). By statute, the Government must pay interest on refunds due a taxpayer until paid. I.R.C. § 6611(a). Generally, there is a one percent difference between the interest rate on underpayments and the interest rate on overpayments. I.R.C. § 6621(a). By statute, the United States is entitled to credit against the refund the amount the taxpayer owes for past taxes, 26 I.R.C. § 6402(a), which stops the running of interest on both amounts. I.R.C. § 6611. Generally, were it not for the filing of the bankruptcy proceeding by the debtor, the IRS would clearly be entitled to setoff against the refund the amount owed for 1978 taxes plus interest to the date of the setoff.

The Bankruptcy Code explicitly preserves such a right of setoff, assuming the proper facts, which must be conceded in this case.

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

11 U.S.C. § 553(a). The post-petition interest would be due the

IRS because it is for a period of time prior to the setoff.

Once the bankruptcy proceeding is filed, however, the bankruptcy court has some discretion in connection with the setoff in order to give full effect to the Bankruptcy Act and maintain orderly administration of the bankrupt estate. The right to setoff is automatically stayed until the matter is presented to the court for a determination of the validity of the setoff and the need for a stay in order to efficiently manage the bankruptcy proceedings. 11 U.S.C. § 362(a). Here the IRS should have obtained a lifting of the stay before setoff rather than waiting until later, in which case it would clearly have been entitled to post-petition interest.

Section 362 provides a damages remedy if a creditor makes a setoff without first asking the court to lift the automatic stay.

> (h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Nowhere does this statute give the Bankruptcy Court the authority to deny all or part of a setoff in lieu of damages simply because the creditor initially violated the automatic stay. The trustee did not seek damages here.

There is some question as to the validity of denying the setoff of post-petition interest as punitive damages against the Government, *see Small Business Admin. v. Rinehart,* 887 F.2d 165 (8th Cir.1989); *Hoffman v. Connecticut Dep't of Income Maintenance,* 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989), even if it could be concluded these are "appropriate circumstances" for such relief. We need not explore that problem here, however, because the bankruptcy court explicitly decided, and properly so,

we think, that it "would not penalize the IRS for its improper setoff."

Although the automatic stay applies to all bankruptcy proceedings, a major purpose is to protect the cash flow of businesses or persons who are trying to survive under the reorganization provisions of the statute.

> The automatic stay is fundamental to the reorganization process, and its scope is intended to be broad. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6296–97; *United States v. Norton,* 717 F.2d 767, 770–71 (3d Cir.1983).
>
> A primary purpose of the automatic stay provision is to afford debtors in Chapter 11 reorganizations an opportunity to continue their businesses with their available assets. H.R.Rep. No. 595, 95th Cong., 1st Sess. 183 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News at 6144; *In re Archer,* 34 B.R. 28, 29–30 (Bankr.N.D.Tex.1983).

*Small Business Admin. v. Rinehart,* 887 F.2d 165, 166 (8th Cir.1989) (Chapter 11 bankruptcy proceeding). *In re Patterson,* 967 F.2d 505 (11th Cir.1992) (Chapter 13 bankruptcy proceeding.)

For the most part, it is in the context of these reorganization cases that the parties find the language which gives the bankruptcy court discretion to continue the stay of the right of setoff, even when the validity of that right has been established. *E.g., In re Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir.1984) (Chapter 11 bankruptcy proceeding); *In re De Laurentiis Entertainment Group, Inc.,* 963 F.2d 1269, 1276–77 (9th Cir.), *cert. denied,* 506 U.S. 918, 113 S.Ct. 330, 121 L.Ed.2d 249 (1992) (same); *In re Glasply Marine Indus.,* 971 F.2d 391, 394 (9th Cir.1992) (same); *In re Southern Indus. Banking Corp.,* 809 F.2d 329 (6th Cir.1987) (same); *United States v. Norton,* 717 F.2d 767, 770–71 (3d Cir.1983) (Chapter 13 bankruptcy proceeding); *In re*

*Carney & Sons Trucking Services, Inc.,* 142 B.R. 497 (Bankr.M.D.Fla.1992) (Chapter 11 bankruptcy proceeding); *In re Medicar Ambulance Co.,* 166 B.R. 918 (Bankr.N.D.Cal.1994) (same); *In re Express Freight Lines, Inc.,* 130 B.R. 288, 290 (Bankr.E.D.Wis.1991) (Chapter 11 proceeding prior to filing of adversary proceeding, converted to Chapter 7); *In re Cross Keys Motors, Inc.,* 19 B.R. 976, 977 (Bankr.M.D.Pa.1982) (Chapter 11 bankruptcy proceeding).

In other cases, courts have exercised discretion to continue the stay after a finding that the party seeking relief acted tortiously or in bad faith. *E.g., In re Windsor Communications Group, Inc.,* 79 B.R. 210 (E.D.Pa.1987) (One who converts the property of another not entitled in equity to right of setoff); *In re Cascade Roads,* 34 F.3d 756 (9th Cir.1994) (Chapter 7 proceeding where court denied setoff to Government after finding it acted in bad faith during litigation and willfully violated automatic stay involving claimed setoff against a judgment for breach of contract against the Forest Service). These cases are distinguishable on two fronts: no finding of tortious or bad faith misconduct has been made in this case, and these cases did not involve the underpayment/overpayment provisions of the tax code.

This is a liquidation, not a reorganization in which cash flow may be critical to success. Although filed as a Chapter 11 proceeding, it had been voluntarily converted to a Chapter 7 liquidation prior to the events that pose this case.

No compelling authority has been cited to us to support a holding that the bankruptcy court could impose a permanent stay of

setoff, *i.e.,* deny the right of setoff, under the circumstances of this case, without going beyond the discretion it is permitted in such matters.

The trustee does not cross-appeal the decision that the stay should be lifted and that some setoff was appropriate, nor does she effectively assert that some damage was caused to the estate by effecting a setoff before moving to lift the automatic stay. The major thrust of the trustee's argument seems to be that the court's result was a correct response to the apparently haphazard and inexcusable way in which the IRS has handled the matter. These arguments, while impressive, fail to address the central question: did the otherwise harmless violation of the automatic stay suffice to deprive the IRS of the post-petition interest setoff to which by law undoubtedly it would have been entitled had it first sought a lifting of the stay from the bankruptcy court. We think the answer on these narrow facts is "No."

We emphasize that nothing herein is meant to detract from the bankruptcy court's well-established power under § 362(h), and also under other provisions like § 105(a) and its so-called inherent power, to impose proper sanctions, including damages, costs and attorney's fees, for violations of the automatic stay. *See, e.g., In re Pace,* 159 B.R. 890 (Bankr.9th Cir.1993). The question here is simply the appropriateness, in these particular circumstances, of denying post-petition interest, whether as a sanction or for whatever other reason.

In the course of this appeal, we called for supplemental briefs as to certain questions concerning the time value of money

and the fact that both the underpayment and refund amounts were drawing interest. We suggested that counsel were free to address any other issues that might help the court in considering such matters. Both briefs suggest some uncertainty in the record and in the stipulations below. Government's supplemental brief: "[i]t has also come to our attention that counsel for the parties may have inaccurately stipulated to certain matters." In the trustee's motion for extension of time to file her brief, she indicated that she requested counsel for the Government to stipulate to certain additional facts. In her brief, the trustee said that she "would urge this Court to request a determination of how the government arrived at the sums refunded to the Trustee and the amounts retained for interest on the 1978 liability."

In view of the confusion this demonstrates as to the accuracy of the amounts here involved, rather than simply reverse the decision of the district court to disallow the setoff, we remand it for further consideration. We leave to the bankruptcy court the decision whether an accurate judgment can be entered on this record, or whether the concerns of both counsel require a redetermination of the amounts involved.

VACATED and REMANDED.