In re Kathy Lorraine JONES, Debtor.

United States of America, Appellant,

v.

Kathy Lorraine Jones, Appellee.

No. Civ.A. 97–A–1345–N.

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 23, 1999.

Harold Scott Patrick, Legal Services Corporation of Alabama, Opelika, AL, for debtor.

Kent B. Brunson, Patricia Allen Conover, Redding Pitt, U.S. Attorney, U.S. Attorney's Office, Montgomery, AL, Cynthia Lewis Stier, United States Department of Justice, Tax Division, Washington, DC, for appellant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

This case is before the court on appeal from the United States Bankruptcy Court for the Middle District of Alabama ("the Bankruptcy Court"). The United States of America ("the Government") appeals the Bankruptcy Court's final judgment of August 1, 1997, in which the Bankruptcy Court concluded that the Internal Revenue Service ("the IRS") improperly setoff the 1995 federal income tax refund of Debtor Kathy Lorraine Jones ("Debtor") against her 1990 and 1991 federal income tax debts. Debtor cross-appeals the Bankruptcy Court's refusal to determine whether the IRS wilfully violated the automatic stay. The court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a).[1] For the reasons stated herein, the final judgment of the Bankruptcy Court is AFFIRMED.

## I. STATEMENT OF THE CASE

On April 12, 1996, Debtor filed a petition under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court. Br. of Appellant at 2. Debtor listed the IRS as a creditor in her matrix and on her Chapter 7 petition schedules. Br. of Appellee at 2. She specifically listed as unsecured debts her federal income tax debts for the years 1990, 1991, and 1992, which amounted to $1,244.16, $749.17, and $92.21, respectively. Br. of Appellee at 2. Debtor filed her 1995 federal income tax return on April 15, 1996, and claimed a refund of $2,425. Br. of Appellee at 2. She also claimed the $2,425 refund as exempt in Schedule C of her Chapter 7 petition. Br. of Appellee at 2.

Debtor received a refund check for $339.46 from the IRS on May 20, 1996. Br. of Appellee at 2–3. The $339.46 represented the difference between her claimed refund of $2,425 and her collective tax debt of $2085.54 for the years 1990, 1991, and 1992. Br. of Appellee at 2–3. The IRS withheld the $2085.54, claiming its right of setoff under 11 U.S.C. § 553(a). *See* Br. of Appellee at 3.

---

1. 28 U.S.C. § 158(a) provides, in part, that district courts shall have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges.

On July 8, 1996, Debtor filed a complaint in the Bankruptcy Court seeking an order for a full return of her claimed 1995 federal tax refund, an order finding the IRS in contempt of court for willfully violating the automatic stay imposed by 11 U.S.C. § 362(a) on the setoff stemming from her pre-petition debts, and a declaratory judgment that her federal income tax debts for 1990 and 1991 are discharged under 11 U.S.C. § 523(a)(1). Debtor received a Chapter 7 discharge on July 29, 1996, which discharged her federal income tax liability for 1990 and 1991. Bankruptcy Ct.Op. at 2. On September 10, 1996, the IRS moved for relief from the automatic stay to permit setoff of Debtor's 1995 tax refund against her unpaid 1990 and 1991 tax liability *nunc pro tunc. See* Br. of Appellee at 3.

After the IRS and Debtor filed cross motions for summary judgment, on August 1, 1997, the Bankruptcy Court found that the IRS could not setoff Debtor's 1995 federal income tax refund against her 1990 and 1991 tax debts because the 1995 refund was exempt property which could not be used to satisfy discharged liabilities. *See* Bankruptcy Ct.Op. at 5. The court ordered that the Government refund to Debtor $1,993.33 [2] plus interest from the date of setoff. *See* Bankruptcy Ct.Op. at 6. While the Government did not dispute that the setoff violated the automatic stay, the court did not decide whether the IRS's violation was willful because the only damages proven by Debtor were the amounts of the refund improperly offset. *See* Bankruptcy Ct.Op. at 5. Finally, on August 4, 1997, the Bankruptcy Court issued an order denying the IRS relief from the stay *nunc pro tunc* as to tax years 1990 and 1991, but granted it relief from the stay as to tax year 1992 because the tax debt for that year was not discharged. *See* Order on Mot. from Relief from Stay.

## II. ISSUES ON APPEAL

I. Whether the Bankruptcy Court erred when it found that the IRS was not entitled to setoff Debtor's 1990 and 1991 federal income tax debts against her exempt 1995 federal income tax refund.

II. Whether the Bankruptcy Court erred when it declined to order the IRS to remit the entire amount withheld from Debtor's 1995 tax overpayment, if the IRS willfully violated the automatic stay.

## III. STANDARD OF REVIEW

 The district court reviews the bankruptcy court's factual findings under a clearly erroneous standard. FED.R.BANKR.P. 8013; *Club Assoc. v. Consolidated Capital Realty Investors (In re Club Assoc.)*, 951 F.2d 1223, 1228 (11th Cir.1992). A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). In contrast, the district court reviews *de novo* the bankruptcy court's legal conclusions. *Nordberg v. Arab Banking Corp. (In re Chase & Sanborn Corp.)*, 904 F.2d 588, 593 (11th Cir.1990). The district court is to independently examine the law and draw its own conclusions after applying the law to the facts. *See Prestwood v. United States (In re Prestwood)*, 185 B.R. 358, 360 (M.D.Ala.1995). "On appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." FED. R.BANKR.P. 8013.

## IV. DISCUSSION

A. *Whether the IRS Was Entitled to Setoff Debtor's 1990 and 1991 Federal Income Tax Debts Against Her Exempt 1995 Federal Income Tax Refund.*

 The Government argues that under § 553(a) of the Bankruptcy Code the IRS had a right to setoff Debtor's 1990 and 1991 federal income tax debts against her 1995 federal income tax refund. Section 553(a) provides:

---

**2.** $1,993.33 is the amount the IRS withheld to cover Debtor's 1990 and 1991 tax debts. Debtor conceded to the Bankruptcy Court that her 1992 tax liability of $92.21 is not dischargeable under 11 U.S.C. § 523(a)(1). Bankruptcy Ct.Op. at 2 n. 5.

Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such a creditor against the debtor that arose before the commencement of the case. . . .

11 U.S.C. § 553(a). While the Bankruptcy Code does not create a federal right of setoff, if a party possesses a right of setoff outside of bankruptcy, § 553(a) preserves that right when certain conditions are met. *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18, 116 S.Ct. 286, 289, 133 L.Ed.2d 258 (1995); *Alexander v. Internal Revenue Serv. (In re Alexander)*, 225 B.R. 145, 147 (Bankr.W.D.Ky. 1998). The additional conditions requisite to making a setoff under § 553(a) are: (1) the absence of the exceptions listed in § 553(a); (2) a debt owed by the creditor to the debtor which arose prior to the commencement of the bankruptcy case; (3) a claim of the creditor against the debtor which arose prior to the commencement of the bankruptcy case; and (4) the debt and claim must be mutual or reciprocal obligations. *See* 11 U.S.C. § 553(a); *Posey v. U.S. Dept. of Treasury–Internal Revenue Service*, 156 B.R. 910, 914 (W.D.N.Y.1993); *Runnels v. Internal Revenue Serv. (In re Runnels)*, 134 B.R. 562, 564 (Bankr.E.D.Tex.1991).

The Government invokes § 6402(a) of the Internal Revenue Code as the basis of the IRS's non-bankruptcy right of setoff which is preserved by § 553(a). Section 6402(a) states:

In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d) and (e), refund any balance to such person.

26 U.S.C. § 6402(a). Therefore, by way of § 6402(a), the IRS possesses a non-bankruptcy right of setoff which is preserved by § 553(a).

The four remaining prerequisites to setting-off a debt under § 553(a) are also present here. First, as the parties concede, no exception to § 553(a) is relevant in this matter. Second, the debt that the IRS owes to Debtor, represented by Debtor's 1995 income tax overpayment, arose prior to Debtor filing for bankruptcy. Although Debtor filed for bankruptcy on April 12, 1996, and she did not file her 1995 tax return until three days later, April 15, 1996, her 1995 overpayment of $2425, actually accrued on December 31, 1995, the end of the 1995 tax year. *See Okwukwu v. Internal Revenue Serv. (In re Okwukwu)*, 210 B.R. 194, 196 (Bankr. N.D.Ala.1997) ("Courts have repeatedly held that the substantive right to a tax refund arises at the end of the tax year to which the refund relates."); *In re Franklin Sav. Corp.*, 177 B.R. 356, 358 (Bankr.D.Kan.1995) (finding that the debtor's federal tax refund arose at the end of the tax year for which the refund related); *United States v. Johnson (In re Johnson)*, 136 B.R. 306, 309 (Bankr. M.D.Ga.1991) ("Courts generally have held that the substantive right to a tax refund arises at the end of the tax year to which the refund relates."). Third, the IRS's claims for underpaid taxes against Debtor are for tax years 1990, 1991, and 1992, and thus arose prior to Debtor filing for bankruptcy on April 12, 1996. Fourth, the parties' debts and claims are mutual obligations. Therefore, the IRS has met the requirements necessary to setoff Debtor's tax debt under § 553(a).

Although the IRS has satisfied the elements of § 553(a), the Bankruptcy Court found that § 553(a) is limited by 11 U.S.C. § 522(c), which sets forth federal exemptions permitted under the Bankruptcy Code. *See* Bankruptcy Ct.Op. at 5. The Bankruptcy Court relied on the fact that when Debtor filed her bankruptcy petition she scheduled her expected refund of $2425 as an asset and, pursuant to 11 U.S.C. § 522(*l*), claimed the refund exempt. *See* Bankruptcy Ct.Op. at 2. Under § 522(*l*), "[t]he debtor shall file a list of property that the debtor claims as exempt. . . . Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(*l*). The IRS did not file an objection to Debtor's listing of the $2425 as exempt. Bankruptcy Ct.Op. at

2 n. 2. Therefore, Debtor's $2425 refund became exempt under § 522(*l*) and § 522(c) came into play.

Section 522(c) provides:

Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—

(1) a debt of a kind specified in section 523(a)(1) or 523(a)(5) of this title;

(2) a debt secured by a lien that is—

(A)(I) not avoided under subsection (f) of (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and

(ii) not void under section 506(d) of this title; or

(B) a tax lien, notice of which is properly filed; or

(3) a debt of a kind specified in section 523(a)(4) of 523(a)(6) of this title owed by an institution-affiliated party of an insured depository institution to a Federal depository institutions regulatory agency acting in its capacity as conservator, receiver, or liquidating agent for such institution.

11 U.S.C. § 522(c). The parties agree that Debtor's 1990 and 1991 tax liabilities are not any of the types of debts excepted in § 522(c)(1) through (3). Section 522(c)(1) and (3) except certain nondischargeable debts from § 522(c)'s application and § 522(c)(2) excepts debts secured by a lien. The IRS concedes that Debtor's 1990 and 1991 tax liabilities are dischargeable. *See* Br. of Appellant at 2 n. 2. In addition, the IRS does not allege that Debtor's 1990 and 1991 tax liabilities are secured by a lien. Therefore, the exceptions to § 522(c) do not apply.

Because the exceptions to § 522(c) are irrelevant here Debtor's "[1995 tax refund] exempted under [§ 522(*l*)] is not liable ... for any debt of [hers] that arose ... before [April 12, 1996]." *See* 11 U.S.C. § 522(c). However, that conclusion is contrary to the result prescribed by § 553(a), which, as discussed, allows the IRS to setoff Debtor's 1990 and 1991 tax debts against her 1995 refund. There is, therefore, an apparent conflict between § 522(c) and § 553(a). As one court put it, "This analysis presents an appellate nightmare, for these provisions appear to be in direct conflict in regard to resolving the precise question presented here." *Pieri v. Lysenko (In re Pieri)*, 86 B.R. 208, 212 (9th Cir. BAP 1988).

The apparent conflict between § 522(c) and § 553(a) has never been addressed on appeal in this circuit. However, several courts have addressed the issue, each reaching one of two conflicting conclusions. Some courts have found that a creditor's right of setoff under § 553(a) must yield to the debtor's right to exempt and protect assets under § 522(c). *See, e.g., Alexander*, 225 B.R. at 149 (finding that § 522(c) takes priority over § 553(a) and, therefore, the property that the debtor had properly claimed as exempt was not subject to setoff); *In re Wilde*, 85 B.R. 147, 149 (Bankr.D.N.M.1988) (finding that a creditor could not exercise its right of setoff under § 553 against a debtor's funds that were exempt under § 522); *In re Monteith*, 23 B.R. 601, 603 (Bankr.N.D.Ohio 1982) (finding that the property the debtor exempted was not liable to be setoff under § 553(a) against the debt owed by the debtor to the IRS). Similarly, although relying at least in part on provisions other than § 522(c) and § 553(a), other courts have concluded that exempt property is not subject to a setoff. *See, e.g., In re Cole*, 104 B.R. 736, 740 (Bankr.D.Md.1989) (finding that a creditor could not exercise right of setoff under § 553 against a debtor's property that was exempt under Maryland state law); *Commerce Union Bank v. Haffner (In re Haffner)*, 12 B.R. 371, 373 (Bankr.M.D.Tenn.1981) (concluding that a creditor may not exercise a right of setoff under § 553(b) against property exempted from the estate pursuant to § 522(b)). Overall, the majority rule appears to be that exempt property is not subject to setoff. *See Alexander*, 225 B.R. at 149; *In re Swickard*, 133 B.R. 902, 904 (Bankr. S.D.Ohio 1991).

In contrast, a minority of courts have allowed a creditor to exercise a right of setoff

against exempt property. *See, e.g., Wiegand v. Tahquamenon Area Credit Union (In re Wiegand)*, 199 B.R. 639, 642 (W.D.Mich.1996) (finding that § 553(a) takes precedence over § 522(c) when the creditor seeks to offset a mutual obligation as opposed to collect a unilateral debt); *Posey*, 156 B.R. at 917 (concluding that the debtor's tax refund claimed as exempt under § 522(c) does not affect the right of the IRS to setoff a mutual debt pursuant to § 553(a)); *Runnels*, 134 B.R. at 564 (finding, without discussion, that the IRS's ability to setoff cannot be defeated by a debtor's claim that his property is exempt); *Eggemeyer v. Internal Revenue Serv. (In re Eggemeyer)*, 75 B.R. 20, 22 (Bankr.S.D.Ill. 1987) ("The discharge of a debt in a bankruptcy proceeding does not affect the creditor's right to setoff, provided that the right of setoff existed at the time the bankruptcy petition was filed."); *Pieri*, 86 B.R. at 212–13 (holding that § 553(a) controls when in conflict with § 522(c) because of it being later in the order of arrangement in the Code).

■ The court believes that the majority rule is better reasoned. Therefore, the court finds that the IRS's right to setoff under § 553(a) must yield to Debtor's right to exempt and protect assets under § 522(c). Three factors warrant the court's finding. First, if the court found that a creditor could exercise a right of setoff against exempt property, § 522(c) would be nullified. *Alexander*, 225 B.R. at 149, *Monteith*, 23 B.R. at 603. As a result, a debtor would completely lose the ability to exempt property from the reach of creditors possessing a right of setoff under § 553(a). *Alexander*, 225 B.R. at 149. In contrast, by construing the provisions to allow a setoff to the extent that the debtor has not exempted property, the court gives effect to both § 522(c) and § 553(a). This construction comports with the basic tenet of statutory interpretation that when two provi-

sions of a statute are in conflict, they should be interpreted so as to give effect to the whole. *See Jove Eng'g, Inc. v. Internal Revenue Serv.*, 92 F.3d 1539, 1559 (11th Cir. 1996).

■ Second, the chief policy behind the Bankruptcy Code—providing the debtor with a fresh start—is furthered under the majority rule. *See City Bank & Trust Co. v. Vann (In re Vann)*, 67 F.3d 277, 284 (11th Cir.1995); *Haas v. Internal Revenue Serv. (In re Haas)*, 48 F.3d 1153, 1158 n. 6 (11th Cir.1995); *Alexander*, 225 B.R. at 149. This fresh start allows the debtor "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). Although it is not to throw creditors' rights to the wayside, the court must, whenever possible, construe the provisions of the Bankruptcy Code so as to provide debtors a fresh start. *See id.* at 245, 54 S.Ct. at 699; *McCormick v. Banc One Leasing Corp. (In re McCormick)*, 49 F.3d 1524, 1526 (11th Cir.1995) (stating that courts must look to the totality of the circumstances while keeping in mind that the purpose of the Bankruptcy Code is to give debtors a reasonable opportunity to make a fresh start); *Haas*, 48 F.3d at 1156 ("Such an expansive reading of section 523(a)(1)(C)'s exception to discharge would contravene the Bankruptcy Code's purpose of allowing a fresh start for the honest but unfortunate debtor.").

Third, the legislative history of § 522 supports the court's conclusion. Senate Bill 2266 contained a version of § 522(c) that would have allowed the IRS to validly perform the setoff in question.[3] However, that version of § 522(c) was rejected by Congress, thereby "indicating that Congress 'did not intend that exempt property be liable to the

3. In relevant part, the legislative history of Senate Bill 2266 states:

Subsection (c)(3) permits the collection of dischargeable taxes from exempt assets. Only assets exempted from levy under Section 6334 of the Internal Revenue Code or under applicable state of local tax law cannot be applied to satisfy these tax claims. This rule applies to prepetition tax claims against the debtor regardless of whether the claims do or do not

receive priority and whether they are dischargeable or nondischargeable. Thus, even if a tax is dischargeable vis-a-vis the debtor's after-acquired assets, it may nevertheless be collectable from exempt property held by the estate.
S.R. No. 95–989, 95th Cong.2nd Sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5862.

payment of dischargeable tax debts.'" *Alexander*, 225 B.R. at 150 (quoting *Monteith*, 23 B.R. at 604).

The Government argues that the court should apply the minority rule. However, the cases upon which the Government relies—primarily *Wiegand*, *Eggemeyer*, and *Posey* —in support of the minority rule are not persuasive. *See* Br. of Appellant at 6–7. In *Wiegand*, the court allowed a credit union to setoff the balance due on a loan it made to a Chapter 7 debtor against the debtor's exempt account. *Wiegand*, 199 B.R. at 642. The court reasoned, "The key to resolving the apparent conflict between Sections 522(c) and 553(a) of the Bankruptcy Code is found in the distinction between offsetting a mutual obligation and collecting on a unilateral debt." *Id.* Because the parties' debts were mutual the court found that the credit union could exercise its right of setoff against the debtor's debt. *See id.* at 642–43.

The court finds that the plain language of § 522(c) contradicts the rationale of *Wiegand*. Section 522(c) does not make a distinction between the types of debts it protects. Instead, § 522(c) applies to "*any* debt of the debtor" that was pre-petition. 11 U.S.C. § 522(c) (emphasis added). Although, as in *Wiegand*, the parities' debts in this matter are mutual, § 522(c)'s exemption of "any" debt includes Debtor's. Therefore, the court finds *Wiegand* unpersuasive.

In *Eggemeyer*, a debtor who had previously filed a Chapter 7 petition filed suit to compel the IRS to turn over his 1985 federal income tax refund, which he had claimed as exempt. *Eggemeyer*, 75 B.R. at 21. The IRS retained the debtor's 1985 overpayment with the intent to offset it against his 1979 tax liability. *Id.* The court determined that the IRS had satisfied the requirements of § 553(a). *See id.* at 21–22. The debtor, however, argued that the IRS should be required to turnover his 1985 refund pursuant to 11 U.S.C. § 542(a) because the refund was exempt. *Id.* at 22. Relying on § 542(b), the court rejected the debtor's argument. *Id.* According to the court, § 542(b) allows "a creditor who has a valid right of setoff to retain the property, regardless of its exempt status." *Id.* Therefore, the *Eggemeyer* court

concluded that the debtor's exempt 1985 tax refund was still subject to the IRS's right of setoff. *See id.* *Eggemeyer* does not mention § 522.

Although *Eggemeyer* did not address the conflict between § 522(c) and § 553(a), the court finds that its reliance on § 542(b) to allow a setoff is not helpful to the Government here. Section 542(b) provides:

> Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

11 U.S.C. § 542(b). The court that most recently discussed the conflict between § 522(c) and § 553(a) also analyzed § 542(b)'s applicability in determining the validity of a setoff under § 553(a). *See Alexander*, 225 B.R. at 150–51.

The facts in *Alexander* were materially identical to the facts in the case at bar. *See id.* at 146–47. The IRS argued, in part, that § 542(b) permits a creditor with a valid right of setoff to retain exempt property. *Id.* at 150. The *Alexander* court disagreed. *Id.* "[Section § 542(b)] applies only to debts which are property of the estate, and directs turnover of such property to the Trustee, except where the debt is the proper subject of a set-off. Section 542(b) does not, however, determine the validity of a set-off." *Id.* Instead, the court found that the exception for setoff in § 542(b) only comes into play where the entity involved has a valid and proper right of setoff. *Id.* "In this case, the IRS simply does not have a valid right of setoff. Debtor has properly exempted his tax refund; consequently, the refund is no longer property of the estate. Rather, it is property belonging to Debtor." *Id.* at 151 (internal citation omitted).

The court agrees with *Alexander*. Section 542(b) does not permit the IRS to exercise its right of setoff against Debtor's exempt property. Here, as in *Alexander*, the IRS simply does not have a valid right of setoff under

§ 542(b). Debtor has properly exempted his tax refund. Therefore, the refund is no longer property of the estate. Rather, it is property belonging to Debtor. Because § 542(b) only applies to a debt that is payable to the estate and the IRS owes Debtor, not his estate, his exempt 1995 tax refund, § 542(b) is inapplicable. As a result, *Eggemeyer* does not support the Government's argument. Furthermore, the *Posey* court based its decision on the *Eggemeyer* court's § 542(b) analysis. Therefore, *Posey* is also not helpful to the Government.

In sum, the IRS's right of setoff under § 553(a) must yield to Debtor's right to exempt and protect assets under § 522(c). Therefore, the court finds that because Debtor properly exempted her 1995 federal income tax refund and the 1990 and 1991 tax debts for which the IRS intercepted her refund were dischargeable debts, setoff against those debts was impermissible under § 522(c).

**B. Whether Debtor is Entitled to a Refund of the Entire Amount of Her 1995 Tax Overpayment, if the IRS Willfully Violated the Automatic Stay.**

█ On cross-appeal, Debtor seeks a return of the entire outstanding balance of her 1995 tax refund—$2,085.54—because by setting-off Debtor's 1995 tax refund against her pre-petition income tax debt when it had not been granted relief from the automatic stay the IRS willfully violated the stay. *See* Br. of Appellee at 10. Because the court has already determined that the IRS improperly setoff Debtor's 1995 refund against her 1990 and 1991 tax liabilities, the only amount relevant to Debtor's cross-appeal is $92.21, her nondischargeable 1992 tax liability. The IRS does not contest that it violated the automatic stay provision of 11 U.S.C. § 362(a) when it setoff Debtor's 1995 tax refund against her 1990, 1991, and 1992 tax liabilities. Br. of Appellant at 3 n. 3.[4] Therefore, the only issues in dispute are whether the IRS's violation of the stay was willful and, if so, whether

the violation warrants the Bankruptcy Court sanctioning the IRS by ordering it to refund to Debtor her nondischargeable 1992 tax liability—$92.21—to which by law the IRS is otherwise entitled. The Eleventh Circuit's recent decision in *United States v. Ruff (In re Rush–Hampton Indus., Inc.)*, 98 F.3d 614 (11th Cir.1996), addresses these issues and warrants the court finding against Debtor on her cross-appeal.

In *Ruff,* the debtor filed a bankruptcy petition. *See Ruff,* 98 F.3d at 615. Thereafter, in 1986, the IRS filed a claim against the debtor for unpaid 1978 taxes plus interest to the petition date. *Id.* The IRS later determined that the debtor had overpaid his 1979 income taxes. *Id.* The IRS setoff the debtor's unpaid 1978 taxes and prepetition interest against his 1979 overpayment without seeking a waiver of the automatic stay. *Id.* After objection by the trustee, the Government moved to lift the stay. *Id.* The bankruptcy court lifted the stay. *Id.* Although the Government violated the automatic stay provisions of 11 U.S.C. § 362, the bankruptcy court determined that it would not penalize the IRS for the improper setoff and allowed the 1978 underpayment plus pre-petition interest as a setoff against the refund of the 1979 overpayment. *Id.* However, the bankruptcy court also found that it would not reward the IRS for offsetting prior to receiving relief from the automatic stay by allowing it to setoff post-petition interest. *Id.* The district court affirmed. *Id.* The Eleventh Circuit affirmed in all respects except in the denial of the setoff of post-petition interest. *Id.*

The issue before the Eleventh Circuit was whether an otherwise harmless violation of the automatic stay was sufficient to deprive the IRS of the post-petition interest setoff to which by law undoubtedly it would have been entitled had it first sought a lifting of the stay. *Id.* at 617. Answering in the negative, the court reasoned that the trustee had not established that the estate was in any way

---

4. Except under limited circumstances, the filing of a bankruptcy petition under 11 U.S.C. § 301, § 302, or § 303 acts to automatically stay litigation, lien enforcement, and other actions which would affect or interfere with the debtor's property or the bankruptcy estate. *See* 11 U.S.C. § 362(a); *Orix Credit Alliance, Inc. v. Delta Resources, Inc. (In re Delta Resources, Inc.)*, 54 F.3d 722, 728 (11th Cir.1995).

harmed by the violation of the automatic stay. *Id.* at 615–16. "Generally, were it not for the filing of the bankruptcy proceeding by the debtor, the IRS would clearly be entitled to setoff against the refund the amount owed for 1978 taxes plus interest to the date of the setoff." *Id.* at 616. Furthermore, the court acknowledged that the IRS should have obtained a lifting of the stay before, rather than after, setoff and that § 362(h) provides a damages remedy against a willful violator of the automatic stay. *Id.* at 316. However, the Bankruptcy Code does not allow a court to deny all or part of a setoff in lieu of damages simply because the creditor violated the automatic stay. *Id.* "No compelling authority has been cited to us to support a holding that the bankruptcy court could impose a permanent stay of setoff, i.e., deny the right of setoff, under the circumstances of this case, without going beyond the discretion it is permitted in such matters." *Id.* at 617.

Similarly, by seeking a sanction against the IRS amounting to a permanent denial of a tax liability which, but for the breach of the automatic stay, Debtor concedes the IRS would otherwise be entitled, Debtor has asked the court to go too far under the circumstances of this case. Debtor concedes that, unlike her 1990 and 1991 tax debts, her 1992 tax debt is not dischargeable. Br. of Appellee at 5 n. 1. Therefore, as in *Huff,* were it not for the filing of the bankruptcy proceeding by Debtor, the IRS would clearly be entitled to setoff Debtor's refund against her 1992 tax liability. Under these circumstances, the IRS's violation of the stay, although not justifiable, was harmless. Furthermore, consistent with *Huff,* even if the IRS's violation of the stay was willful, § 562(h) does not permit the bankruptcy court to deny the IRS its right to setoff Debtor's 1992 tax liability. Therefore, Debtor's cross-appeal is without merit.

## V. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the judgment of the Bankruptcy Court is AFFIRMED.