**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Alfonso CELAYA–RODRIGUEZ,
Defendant—Appellant.**

No. 03–10366.

D.C. No. CR–01–01284–JMR.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 23, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Sandra Marie Hansen, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Kathleen G. Williamson, Tucson, AZ, for Defendant–Appellant.

Before FERNANDEZ, W. FLETCHER and TALLMAN, Circuit Judges.

MEMORANDUM**

Alfonso Celaya–Rodriguez appeals his 12–month sentence imposed following revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Celaya–Rodriguez contends that the district court erred in concluding that the sentence stated in his plea agreement did not limit the sentence that the district court could impose upon revocation of supervised release. Celaya–Rodriguez's plea agreement for the underlying offense states that his sentence shall not exceed 15 months, and he has already served 12 months. Accordingly, Celaya–Rodriguez asserts that, upon revocation, the district court erred by sentencing him to more than three months. We review for clear error the district court's interpretation of the terms of a plea agreement, but we review *de novo* the application of the legal principles involved in this interpretation. *United States v. Anthony,* 93 F.3d 614, 616 (9th Cir.1996).

We conclude that the district court properly determined that the terms of the plea agreement did not encompass proceedings beyond the initial sentencing hearing, and thus, did not preclude the district court from imposing a 12–month sentence upon revocation of supervised release. *See United States v. Gerace,* 997 F.2d 1293, 1295 (9th Cir.1993) (holding that unless the terms of a plea agreement specifically apply beyond initial sentencing, the agreement does not bind future proceedings).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

