In re Michael D. TARBUCK, Debtor.

Dollar Bank, FSB, Movant,

v.

Michael D. Tarbuck and Gary
L. Smith, Respondents.

Bankruptcy No. 01–29836.
Motion No. 03–0400.

United States Bankruptcy Court,
W.D. Pennsylvania.

Feb. 2, 2004.

Michael D. Tarbuck, Washington, PA, pro se.

Gary L. Smith, Pittsburgh, PA, trustee.

## MEMORANDUM OPINION [1]

JUDITH K. FITZGERALD, Chief Judge.

The matter before the court is Dollar Bank's motion for relief from the automat-

---

1. This Memorandum Opinion constitutes the court's findings of fact and conclusions of law. Debtor contends that we do not have jurisdiction to decide this matter because Dollar Bank has never obtained a deficiency judgment with respect to a sheriff's sale of Debtor's real estate. At Adversary No. 02–02317 we determined that Dollar Bank is not entitled to a deficiency judgment. However, it has filed a proof of claim in this case to which an objection has never been filed. We therefore have jurisdiction. In addition, we have jurisdiction to decide this matter because it involves property of the bankruptcy

ic stay to exercise a right of setoff against a passbook account with respect to a debt owed under a note and mortgage which was not satisfied in full by a foreclosure proceeding.

## FACTS

In May of 1994, Debtor and his nondebtor wife borrowed $480,000.00 from Dollar Bank pursuant to the terms of a note and mortgage. The 1994 loan regarding the real estate was secured by a mortgage and an assignment of leases and rents. None of the documents concerning the mortgage loan purport to convey to Dollar Bank any interest in the passbook account. The account, which was not created until 2001, was opened to secure an irrevocable standby letter of credit required for a Performance Bond for Debtor's corporation, Tarbuck Security Agency, Inc. ("TSAI"). The letter of credit was satisfied prepetition, but there were funds remaining in the passbook account on September 26, 2001, when the bankruptcy was filed.[2] As of January 16, 2003, when the motion was filed, the account had a balance of $21,160.24. Motion for Relief from Stay, Motion No. 03–0400, Dkt. No. 127, at ¶ 13.

Debtor defaulted on the note and mortgage prior to the commencement of a voluntary chapter 11 on September 26, 2001. On January 25, 2002, the case was converted to a chapter 7 proceeding. On June 12, 2002, Dollar Bank was awarded relief from the automatic stay to exercise its rights with respect to the mortgaged premises whereupon it purchased the property pursuant to foreclosure proceedings upon a prepetition confessed judgment. Dollar Bank resold the property 26 days later, realizing net proceeds of $418,457.33. It filed an adversary proceeding at Adversary No. 03–02317 to fix the fair market value of the real estate with respect to a deficiency in the amount of $76,951.37. This court recently issued an opinion and order finding that the complaint was filed out of time under the statute of limitations applicable to the Deficiency Judgment Act. See 42 Pa.Cons.Stat.Ann. § 5522(b)(2); 42 Pa.Cons.Stat.Ann. § 8301. Dollar Bank filed the instant motion to set off against the amount in the passbook account the amount remaining due with respect to the note and mortgage on the real estate. Dollar Bank also filed a proof of claim asserting a secured claim in the amount of $453,373.02, plus interest after March 25, 2002, at a daily rate of $95.92.[3]

## DISCUSSION

■ Section 553(a) of the Bankruptcy Code states that title 11 "does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of

---

estate. 11 U.S.C. § 541. *See also* 28 U.S.C. § 157.

**2.** Debtor received a chapter 7 discharge on August 27, 2002. Section 362(c)(2)(C) provides that the stay terminates at the time a discharge is granted. However, we issue this Memorandum Opinion inasmuch as the motion was pending when the discharge was entered but briefing was not completed until some time thereafter. Moreover, the underlying entitlement to exercise a setoff must be adjudicated.

**3.** The proof of claim states that the judgment amount as of March 5, 2001, was $472,746.54. Paragraph 4 of the proof of claim form asks for a statement of "Total Amount of Claim at Time Case Filed". After that phrase Dollar Bank inserted "(3/25/02) $453,373.02 (See Exhibit 'A' attached hereto)". Exhibit A lists principal, interest to 3/25/02, prepayment penalty, late fees, satisfaction fee, "other charges", and attorney fees and costs for a total of "$453,373.02, plus interest after March 25, 2002[,] at the daily rate of $95.92." *See* Claim No. 33.

such creditor against the debtor that arose before the commencement of the case ...." 11 U.S.C. § 553(a). *See also Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 18, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995)("whatever right of setoff otherwise exists is preserved in bankruptcy"). There are four prerequisites to the effectuation of a setoff:

    (1) a debt exists from the creditor to the debtor and arose prior to the commencement of the bankruptcy case;

    (2) the creditor has a claim against the debtor which arose prior to the commencement of the bankruptcy case;

    (3) the debt and the claim are mutual obligations; and

    (4) each are valid and enforceable.

*In re Labrum & Doak, LLP,* 237 B.R. 275, 299 (Bankr.E.D.Pa.1999), citing *U.S. Through Agr. Stabilization and Conservation Service v. Gerth,* 991 F.2d 1428, 1431 (8th Cir.1993); *Braniff Airways, Inc. v. Exxon Co., U.S.A.,* 814 F.2d 1030, 1035 (5th Cir.1987). *See also* 5 Collier on Bankruptcy ¶ 553.01[1] (15th ed. Rev.2003). We address the four elements as follows:

### Was there a mutuality of obligation between the bank and the depositor?

■ For mutuality to exist, the debts must exist between the same parties in the same capacity, i.e., each must owe the other in his own name and not as a fiduciary. 5 Collier on Bankruptcy at ¶ 553.03[3][c]. The Note was executed by Debtor in his individual capacity and the bank account was also held by him in the same capacity, as explained, *infra. See also, e.g., In re Wilde,* 85 B.R. 147, 149

(Bankr.D.N.M.1988). The mutuality test is met in this case.

### Does Dollar Bank owe Debtor a debt that arose prepetition?

■ When money is placed on deposit with a bank, the depositor is considered a creditor of the bank for the amount of money that was placed on deposit. *See Bank of Marin v. England,* 385 U.S. 99, 101, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966)("[t]he relationship of bank and depositor is that of debtor and creditor, founded upon a contract"). The deposit in Debtor's name satisfies the first condition of § 553. There is no dispute that the account and therefore the debt arose prior to the commencement of the bankruptcy case, even though the date of deposit has not specifically been set forth in the pleadings. The dispute is whether the account belongs to Debtor or TSAI.

Debtor contends that he personally did not have an account with the bank. He argues that the account was for his corporation, TSAI, to secure the Performance Bond. Debtor states that TSAI did not have the borrowing power needed to attain the required $50,000 letter of credit, so he, as an officer of TSAI, borrowed $30,000 from his parents and $20,000 from his minor children to obtain funding for the bond.[4] Although Debtor asserts that he borrowed the money in his capacity as a corporate officer for TSAI, there is no evidence of a loan or that the money in the account was acquired by him in his corporate rather than his individual capacity. None of the exhibits provided by Debtor establish a loan or that any transactions were made in the corporation's name.[5]

---

**4.** The children had inherited the funds from a deceased relative and Debtor was the custodian on the accounts which were with a bank other than Dollar Bank.

**5.** The documentation provided by Debtor with his response to the motion, Dkt. No. 132, are:
    (1) Approval of Successor Trustee's First and Final Account and Plan of Final Distribution Consent to Distribution; Release of

The only documentation regarding the Dollar Bank account was provided by Dollar Bank in its Notice of Filing of Additional Exhibits, Docket No. 134, to which Dollar Bank attached what appears to be the signature card for the passbook savings account. *See Notice of Filing of Additional Exhibits to Motion for Relief from the automatic stay to Exercise Right of Setoff Against Deposit Account,* Exhibit F, Dkt. No. 134. Debtor signed in his individual capacity only. The corporation's name does not appear on the document.

■ Debtor asserts that Dollar Bank was well aware that the funds were for the sole use of his corporation and therefore it cannot reach the account although it is in his individual name.[6] However, case law supports the proposition that a corporate officer is acting as an individual unless the signature indicates otherwise. *See Watters v. DeMilio,* 390 Pa. 155, 134 A.2d 671, 674 (1957) (noting that a corporate officer cannot escape personal liability if "the note

was signed simply 'Gregory DeMilio' without any indication that the signer was acting as a corporate body or as the agent for such an entity"); *Hillbrook Apartments, Inc. v. Nyce Crete Co.,* 237 Pa.Super. 565, 352 A.2d 148, 152 (1975)("[c]orporations necessarily act through agents and if one so acting is to escape personal liability for what he intends to be a corporate obligation, the limitation of his responsibility should be made to appear on the face of the instrument. Otherwise, the individual signature imports a personal liability"). Thus, the evidence of record does not support Debtor's contention. We find that Debtor is the owner of the passbook account in his individual capacity.

Debtor also argues that the money in the account does not belong to him. He alleges that the money belongs to his two minor children and therefore is not subject to a setoff. Dollar Bank, however, produced the account card that shows that Michael D. Tarbuck was the sole name on

Trustee; Waiver of Probate Code 17200; Receipt of Beneficiary with respect to the Sophie Tarbuck Family Trust with respect to Debtor's daughter (Exh. D to Answer); (2) Same with respect to Debtor's son (Exh. E to Answer); (3) Copy of front of check in the amount of $9,500 to Michael Tarbuck for [daughter] written on the account of Sophie Tarbuck Family Trust, Martha Ward, Trustee, Check No. 129 dated 12–1–00 (Exh. F to Answer); (4) Signature cards signed by Debtor as Custodian for daughter with respect to account with Community Bank, NA, under the Pennsylvania Uniform Transfers to Minors Act (Exh. F to Answer); (5) Deposit statement from the same bank with account identified as "Under PUTMA" and Debtor listed as custodian (Exh. F to Answer); (6) Copy of front of check in the amount of $9,500 to Michael Tarbuck for [son] written on the account of Sophie Tarbuck Family Trust, Martha Ward, Trustee, Check No. 130 dated 12–1–00 (Exh. G to Answer);

(7) Signature cards signed by Debtor as Custodian for son with respect to account with Community Bank, NA, under the Pennsylvania Uniform Transfers to Minors Act (Exh. G to Answer); (8) Deposit statement from the same bank with account identified as "Under PUTMA" and Debtor listed as custodian (Exh. G to Answer); (9) Another statement of account with respect to the daughter under PUTMA, naming Debtor as custodian, Exh. H to Answer; (10) Same re son, Exh. I to Answer; (11) Facsimile Transaction Report, Exh. J to Answer. (12) A letter from a psychologist concerning Debtor.

6. In *Respondent's Response to Motion to Exercise Right of Setoff Against Deposit Account,* Dkt. No. 132, Exhibit J is captioned "Transaction Report" and appears to relate to a fax transmission. The words "Tarbuck Security" appear on the form but nothing in the exhibit supports Debtor's contention.

the account.[7]

### Does Dollar Bank have a claim against Debtor that arose prior to the commencement of the bankruptcy case?

■ It is undisputed that Dollar Bank had a prepetition claim against Debtor, as evidenced by the Note and mortgage and the prepetition confessed judgment. Debtor contends that Dollar Bank does not have a deficiency claim to which the bank account can be applied because Dollar Bank never obtained a determination of the fair market value of the property under the Pennsylvania Deficiency Judgment Act which provides:

> Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

42 Pa.Cons.Stat.Ann. § 8103(a). Section 5522(b)(2), title 42 Pa.Cons.Stat.Ann., requires a deficiency judgment action to be brought within six months of the sheriff's sale. Dollar Bank never filed such an action in state court and the adversary proceeding it filed in this court to fix the fair market value of the real estate with respect to the deficiency remaining from the sheriff's sale was filed out of time. This court dismissed Dollar Bank's complaint as a result. *See* Adversary No. 03–02317, Memorandum Opinion of January 14, 2004, docketed January 15, 2004, Dkt. No. 7. When a creditor does not bring a timely action under the Pennsylvania Deficiency Judgment Act there arises an "irrebuttable presumption that the creditor was paid in full in kind." *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 509 (3d Cir.1997), quoting *Valley Trust Co. of Palmyra, Pa. v. Lapitsky*, 339 Pa.Super. 177, 488 A.2d 608, 611 (1985). Thus, for purposes of the Deficiency Judgment Act, Dollar Bank was paid in full.

Dollar Bank, however, has filed a proof of claim in this bankruptcy case asserting a secured claim due as of the date of filing of the bankruptcy in the amount of $453,373.02, plus interest after March 25, 2002, at a daily rate of $95.92.

Dollar Bank contends that it does not have to comply with the Deficiency Judgment Act in order to exercise a right of setoff against the passbook account. We agree. The Pennsylvania Supreme Court addressed a similar issue in *Horbal v. Moxham Nat. Bank*, 548 Pa. 394, 697 A.2d 577 (1997). There, the issue was whether the judgment creditor bank, which bought the mortgagor's real property at a sheriff's sale in a foreclosure action, had the right to liquidate a certificate of deposit ("CD"), assigned to the bank as security for the same debt, to cover the deficiency without first bringing an action under the Deficiency Judgment Act to fix the fair market

---

**7.** In his Response to the motion at ¶ 5b Debtor states that TSAI borrowed the money that had been left to Debtor's minor children by a deceased relative. There is no documentation supporting the theory of a loan to TSAI. Despite the fact that Debtor may have intended to safeguard his children's inheritance and to have TSAI repay the funds for their benefit, as a matter of law the transaction was not structured to accomplish that goal. Furthermore, none of the documentation supplied to the court for review in connection with this motion establishes that TSAI ever received the funds or had an obligation to repay them. The bank account is in Debtor's name alone and not in his corporate capacity or his capacity as custodian of his children's funds.

value of the property. The trial court held that the bank's right to the CD arose out of a contract that was separate from the mortgage and that upon default on the mortgage the rights to the CD vested in the bank. Therefore, because it had been assigned to the bank, the CD was not an asset of the mortgagor when the sheriff's sale occurred. The Pennsylvania Superior Court affirmed and the Pennsylvania Supreme Court granted allocatur to determine whether the Deficiency Judgment Act applied to this type of situation, concluding that it did not. The Pennsylvania Supreme Court reasoned that the bank had bought the property at sheriff's sale for a price well under the amount of the debt and that under the terms of the assignment with respect to the CD, the bank's rights in the CD were created to secure the debtors' outstanding indebtedness. The terms of the assignment gave the bank the absolute right to enforce payment in its own name upon debtors' default and, therefore, the CD ceased being a personal asset when the default occurred.

### Are the obligations enforceable?

■■■ Outside of bankruptcy Debtor would be able to withdraw amounts in the account on demand. However, as a matter of law, the bank can set off an account against other obligations owed by a debtor unless the account is a special purpose account. *See generally* 5 Collier on Bankruptcy at ¶ 553. *See also Matter of Bevill, Bresler & Schulman Asset Management Corp.*, 896 F.2d 54, 57 (3d Cir.1990)(right of setoff depends on existence of mutual debts and claims except where creditor holds funds as bailee or trustee). Notwithstanding Debtor's assertions, there is no evidence that the account in question is a special purpose account. "In the usual case, a bank deposit constitutes a 'debt' owing from the bank to the debtor that may be offset against some other obli-

gation that the debtor owes to the bank." *Id.* at ¶ 553.03[3][c][iv]. *See also Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 20, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995) (any right of setoff existing prepetition is not affected by the Bankruptcy Code).

■■■ Dollar Bank argues that it could have taken the passbook account pursuant to a right of setoff, and thereafter foreclosed on the property to make up the deficiency. We agree. With certain exceptions stated in § 553(a)(1) through (a)(3) and (b), any right of setoff that existed prepetition is preserved in bankruptcy. *In re Haizlett,* 261 B.R. 393, 395 (Bankr.W.D.Pa.2000). The only exception that could be applicable to the instant situation is that stated in § 553(a)(1) which provides that a prepetition right of setoff is unaffected in bankruptcy "except to the extent that (1) the claim of such creditor against the debtor is disallowed." Debtor asserts that because Dollar Bank is not entitled to a deficiency judgment in accordance with our Memorandum Opinion and Order of January 14, 2004, it is not permitted to set off the bank account under § 553. We disagree.

■■■ The fact that Dollar Bank was denied a deficiency judgment does not mean as a matter of course that its claim is disallowed. Debtor has not objected to Dollar Bank's proof of claim and the claim is therefore *prima facie* valid. *See, e.g., In re Sterling Packaging Corp.,* 265 B.R. 701, 704 (Bankr.W.D.Pa.2001); *In re Scheidmantel Olds–Cadillac, Inc.,* 1994 WL 386855 at *2 (Bankr.W.D.Pa. July 12, 1994)(a claim is presumed to be valid absent sufficient evidence to the contrary). Section 553 is equitable in nature. *In re Nase,* 297 B.R. 12, 21 (Bankr.W.D.Pa. 2003). "The provision is permissive rather than mandatory, and cannot be invoked in

a case where the general principles of setoff would not justify it." *Matter of Bevill, Bresler & Schulman Asset Management Corp.*, 896 F.2d 54, 57 (3d Cir. 1990). On the record before us there is no basis upon which to deny Dollar Bank the common law right of setoff which § 553 of the Bankruptcy Code preserved to it.

We reviewed the exemptions Debtor claimed in Schedule C. It is not clear whether Debtor could amend Schedule C to claim an exemption in the bank account. Because he is proceeding *pro se,* we will permit him an opportunity to amend his exemptions, if an amendment may be claimed and if he so chooses, within twenty days of the date of this order. The trustee and Dollar Bank may file objections to any amendment within thirty days thereafter. If Debtor does not timely amend exemptions, relief from stay will become effective without further notice or hearing. If Debtor timely amends exemptions and a timely objection is filed thereto, a hearing will be held.

An appropriate order will be entered.

### ORDER GRANTING RELIEF FROM STAY AND STAYING ORDER

**AND NOW,** this 2nd day of February, 2004, for the reasons expressed in the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED and DECREED** that the motion for relief from stay is **GRANTED** but this Order is **STAYED** pending the following:

(1) on or before February 23, 2004, Debtor may file and serve amended exemptions; if Debtor fails to timely amend exemptions, relief from stay will become effective without further notice, hearing, or order of this Court;

(2) if amended exemptions are claimed, Trustee, Dollar Bank or any party in interest may file objections to amended exemp-

tions on or before March 19, 2004, in which case a hearing will be held on March 26, 2004, at 9:00 a.m., in Courtroom A in the United States Bankruptcy Court for the Western District of Pennsylvania, 54th Floor, U.S. Steel Tower, Pittsburgh, Pennsylvania.

It is **FURTHER ORDERED** that Dollar Bank shall immediately serve a copy of this Order on Debtor, the Trustee, and all parties in interest and shall file a certificate of service forthwith.