**In re Michael D. TARBUCK, Debtor.**

**Dollar Bank, FSB, Movant,**

v.

**Michael D. Tarbuck, Respondent.**

**No. 01–29836–JKF.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Dec. 3, 2004.

Dennis J. Spyra, Pittsburgh, PA, for Debtor.

Gary L. Smith, Pittsburgh, PA, trustee.

**MEMORANDUM OPINION** [1]

JUDITH K. FITZGERALD, Chief Judge.

The matter before the court is Dollar Bank's ("Dollar") objection to Debtor's amended exemptions. The issue involved analysis of which of two sections of the Bankruptcy Code "trumps" the other: § 522 which protects a debtor's fresh start by permitting exemptions or § 553 which protects certain setoff claims of creditors. In our Memorandum Opinion dated February 2, 2004, 304 B.R. 718 (Bankr.W.D.Pa. 2004) ("*Tarbuck II*"), we granted Dollar's motion for relief from stay to exercise its right of setoff. However, we stayed the order granting relief from stay to afford Debtor [2] the opportunity to amend his Schedule C to claim an exemption in the deposit account. We did not address the question now before us as to whether Dollar's right of setoff can defeat Debtor's claim of exemption.

The facts of this case are not disputed. In May of 1994, the Debtor and his wife borrowed $480,000 from Dollar pursuant to the terms of a note secured by a mortgage. Debtor defaulted on the loan prior to the commencement of the bankruptcy case. Dollar filed a complaint in confession of judgment against the Debtor and his wife in March of 2001, and received a judgment in the amount of $472,746.54, plus costs and additional interest from March 2, 2001. On September 26, 2001, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code and, on January 25, 2002, the case was converted to a chapter 7 proceeding. On June 12, 2002, Dollar was granted relief from the automatic stay to exercise its rights with respect to the real property secured by the mortgage. On or about August 26, 2002,[3] Dollar filed a praecipe for a writ of execution and a sheriff's sale was set for November 1, 2002. The

---

1. This Memorandum Opinion constitutes the court's findings of fact and conclusions of law. The court's jurisdiction was not at issue.

2. At some point, the Debtor was proceeding *pro se*. With respect to Dollar Bank's objection to Debtor's amended exemption Debtor was represented by counsel.

3. In Adversary No. 03–2317, Dollar Bank alleged in its complaint that the Praecipe for Writ of Execution was filed on August 26, 2003. In context, the 2003 date appears to be the result of a typographical error.

mortgaged premises were sold to Dollar at the Washington County Sheriff's Sale on November 1, 2002. The amount realized at the sheriff's sale was insufficient to satisfy the debt. On November 27, 2002, Dollar sold the premises for $505,718.30, realizing net proceeds of $418,457.33. After crediting all amounts received as result of the sale, Dollar Bank alleged a deficiency claim of $76,951.37 and "a general lien upon or right of [setoff] against all moneys or funds in its possession belonging to a depositor to secure the payment of the depositor's indebtedness to it." Brief in Support of Objection to Amended Exemption, Dkt. No. 161, at 5, citing *Royal Bank of Pennsylvania v. Selig*, 434 Pa.Super. 537, 644 A.2d 741, 744 (1994), appeal denied 540 Pa. 584, 655 A.2d 516 (1995). Dollar filed an adversary complaint at Adversary No. 03–2317 to fix the fair market value in accordance with the Pennsylvania Deficiency Judgment Act, 42 Pa.Cons.Stat. Ann. § 8103. This court held that Dollar failed to timely comply with the Deficiency Judgment Act and dismissed the complaint. *See Tarbuck I*, 304 B.R. 712 (Bankr.W.D.Pa.2004).

Dollar then filed a motion for relief from stay to set off against the funds in the deposit account the amount remaining due with respect to the note and mortgage on the real estate. This court entered an order granting Dollar relief from the automatic stay, but stayed the effect of the order to afford Debtor an opportunity to amend his exemptions to claim an interest in the deposit account. *Tarbuck II*, 304 B.R. 718 (Bankr.W.D.Pa.2004). On February 12, 2004, Debtor amended Schedule C to claim an exemption in the deposit account in the amount of $8,500, based upon 11 U.S.C. § 522(d)(5). Dollar filed an objection to this amended exemption and contends that its right of setoff is paramount. Dollar also asserts that it has a valid prepetition unavoidable lien in the account and that funds in the account are not property of Debtor's bankruptcy estate.

Under § 522(d)(5), also known as the "wild card exemption," debtors are allowed a general exemption of $975 plus up to $9250 of the unused portion of § 522(d)(1) (the homestead exemption). Debtor originally listed one § 522(d)(5) exemption in the amount of $1000. Inasmuch as he claimed no exemption under § 522(d)(1), there is available a sufficient amount under § 522(d)(5) to support this additional exemption of $8500. *See* Amended Schedule C.

■ In its Objection to Amended Schedule C, Dollar asserts that the money in the deposit account is not property of the estate, citing *In re Nase*, 297 B.R. 12, 19 (Bankr.W.D.Pa.2003) ("[m]oney deposited into an account ceases to be the property of the depositor"). However, the decision in *Nase* was based upon a setoff effectuated prepetition. *Nase* also states in pertinent part that, after the deposit is made into the account, "[t]hereafter, the bank owes a debt to the depositor in that amount." *Id.* The court in *In re Erie Forge & Steel Corp.*, 456 F.2d 801 (3d Cir.1972), explains this concept in the context of a preference action:

... money deposited in a bank becomes the property of the bank in the sense that the bank may use it as its own. *Prudential Trust Company's Assignment*, 223 Pa. 409, 413, 72 A. 798, 799 (1909). Nevertheless, the mere deposit of money in a bank does not amount to a transfer of property to the bank where, "at the same time, on the part of the bank, an obligation to pay the amount of the deposit as soon as the depositor may see fit to draw a check against it" is created. *New York County Nat'l Bank v. Massey*, 192 U.S. 138[, 147, 24 S.Ct.

199, 48 L.Ed. 380] (1904).... In other words, although money deposited in a checking account in the ordinary course of business becomes property of the bank, a transfer of the depositor's property has not occurred because of the obligation of the bank to pay checks drawn on the deposit.

456 F.2d at 804. Therefore, the Debtor has an interest in the funds in the account and may exempt his interest but whether his right to exempt is superior to the bank's right to set off what is owed it is the question before us.

In *Tarbuck II* we ruled that, although Dollar Bank was not entitled to a deficiency judgment, "... there is no basis upon which to deny Dollar Bank the common law right of setoff which § 553 of the Bankruptcy Code preserved to it." 304 B.R. at 725. Section 553, however, does not itself create any right of setoff but merely preserves certain rights of setoff that exist under nonbankruptcy law. *See Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 18–19, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995). The threshold question in every case involving an asserted right of setoff is the source and validity of the underlying right. Whatever right of setoff that existed under state law prepetition is preserved in bankruptcy. *Id.* at 18, 116 S.Ct. 286. In the instant case, the right of setoff exists under Pennsylvania law.

We note that in *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995), the United States Supreme Court, in the context of an action by a chapter 13 debtor to hold a bank in contempt for violation of the automatic stay with respect to an administrative freeze placed by the bank on the debtor's account, stated that a bank account is "nothing more or less than a promise to pay, from the bank to the de-positor." 516 U.S. at 21, 116 S.Ct. 286. *Strumpf* also recognized the "absurdity of making A pay B when B owes A." 516 U.S. at 18, 116 S.Ct. 286. Furthermore, whether to permit a setoff rests within the bankruptcy court's discretion. *See Matter of Bevill, Bresler & Schulman Asset Management Corp.,* 896 F.2d 54 (3d Cir.1990). The Court of Appeals for the Third Circuit stated in *Bevill, Bresler*

> Section 553 incorporates and preserves in bankruptcy law the right of setoff available at common law .... However, setoff is at odds with a fundamental policy of bankruptcy, equality among creditors, because it "permits a creditor to obtain full satisfaction of a claim by extinguishing an equal amount of the creditor's obligation to the debtor, i.e., in effect, the creditor receives a 'preference'" .... The provision is permissive rather than mandatory, and cannot be invoked in a case where the general principles of setoff would not justify it.

896 F.2d at 57. *See also In re Myers,* 362 F.3d 667, 672 (10th Cir.2004)(§ 553 "simply preserves setoff rights that might otherwise exist under federal or state law"); *In re Gillingham,* 150 B.R. 907, 909 (W.D.Pa.1993)("[t]he bankruptcy court's determination that [the creditor] is not entitled to a setoff is reviewed for abuse of discretion"); *In re Nase, supra,* 297 B.R. at 12 ("[p]reservation of a setoff under § 553 is equitable in nature. The provision is permissive rather than mandatory")(citing *Bevill, Bresler, supra* ). Further, the general rule is that unsecured creditors "bear the burden of debtor exemptions." *In re Simonson,* 758 F.2d 103, 108 (3d Cir.1985)(superseded by statute on other grounds, *In re Moe,* 199 B.R. 737, 739 (Bankr.D.Mont.1995)).

Although we found that Dollar Bank had a right of setoff, there is a split of authority as to whether a debtor's ex-

emptions prevail over a creditor's right of setoff. Thus, we address Dollar's objections.

Dollar relies on certain cases for the proposition that the right of setoff automatically extinguishes a depositor's property interest in a bank account. *See Pittsburgh Nat. Bank v. United States,* 657 F.2d 36, 38 (3d Cir.1981); *Pennsylvania Nat. Bank & Trust Co. v. CCNB Bank, N.A.,* 446 Pa.Super. 625, 667 A.2d 1151, 1153 (1995). *Pittsburgh Nat. Bank* involved a challenge to an IRS levy brought by a bank asserting a right of setoff. The court noted that the doctrine of automatic setoff under Pennsylvania law provides that a depositor's right is extinguished when the debt to the bank matures, 657 F.2d at 38, citing *Aarons v. Public Service Building & Loan Association,* 318 Pa. 113, 178 A. 141, 142 (1935), and that this doctrine was not superseded by enactment of § 4303 of the Uniform Commercial Code ("UCC"), 13 Pa.Cons.Stat.Ann. 657 F.2d at 38. Therefore an intervening levy by the IRS did not extinguish the bank's right of setoff. In *CCNB Bank* the depositor was indebted to the bank on a demand note before the deposit at issue, evidenced by certificates of deposit ("CDs"), was made. The depositor later granted a security interest in the CDs to a third party. The court held that the security interest did not take precedence over the bank's common law right of setoff because, at the time the depositor granted the security interest, the depositor had no property rights in the deposit. The depositor had no rights when the deposit was made because she was indebted to the bank on a mature demand obligation in an amount that exceeded the value of the CDs. As explained by the court in *Royal Bank of Pennsylvania v. Selig,* 434 Pa.Super. 537, 644 A.2d 741 (1994):

> Immediately upon the maturity of a debt owed by a depositor, the bank's right to setoff, by operation of law, extinguishes the depositor's rights to the account. . . . Set-off is not overridden by the filing or service of attachment execution or garnishment. . . . In effect, the garnishee-bank's common law right to set-off gives it a right to self-help that takes priority over other creditors claiming a right to the funds on deposit.

644 A.2d at 744 (citations omitted). As against other creditors, therefore, Dollar has priority in the deposit pursuant to *Royal Bank.* In this case, however, the issue is not competing claims by creditors to the funds. Rather, the question is whether Debtor can exempt any part of the proceeds despite Dollar's right to "self-help". Dollar had not set off the proceeds prepetition. Dollar lost its claim to a deficiency judgment. *See Tarbuck II.* Accordingly, on the date of filing of the bankruptcy, under bankruptcy law, 11 U.S.C. § 541, despite dicta in *Royal Bank, supra,* to the effect that the depositor's rights in the account are "extinguished" when the debt matures, Debtor retained a property interest in the debt owed to him by Dollar on the basis of the deposit account. *See Strumpf,* 516 U.S. at 20, 116 S.Ct. 286, citing 11 U.S.C. §§ 542, 553.

█ Dollar has at best a general unsecured claim against the deposit account in this case, having failed either to set off prepetition or to obtain a timely deficiency judgment with respect to its foreclosure of its security interest in Debtor's real estate postpetition. Dollar argued that its "right of setoff against the Deposit Account constitutes a lien interest . . . under Pennsylvania law". Brief in Support of Objection to Amended Objection, Dkt. No. 161, at 5. Dollar is not correct. Under Pennsylvania law

> a right of set-off is not a security interest and has never been confused with

one .... A bank's right to set-off against a depositor's account is often loosely referred to as a "banker's lien" but the "lien" usage has never led anyone to think that the bank held a security interest in the bank account.

*Commercial National Bank of Pennsylvania v. Seubert & Associates, Inc.*, 807 A.2d 297, 309 (Pa.Super.2002). Thus, the issue is narrowed and the question becomes which takes precedence: Debtor's exemption or a competing claim to the funds on deposit by an unsecured creditor which has priority in the fund over other creditors.

Section 553(a) provides, in pertinent part:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that
>
> (1) the claim of such creditor against the debtor is disallowed ....

As noted, Dollar's claim has not been objected to and, therefore, for purposes of the issues we address herein, its claim is an allowed claim. It does not follow, *a fortiori*, that an allowed claim will defeat a debtor's allowed exemption through the exercise of a right of setoff.[4]

Section 522(c) provides, in pertinent part:

> Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of

the debtor that arose ... before the commencement of the case except—

> (1) a debt of a kind specified in section 523(a)(1) or 523(a)(5) of this title;
>
> (2) a debt secured by a lien that is
>
> (A) (i) not avoided under [certain sections]; and
>
> (ii) not void under section 506(d) ...; or
>
> (B) a tax lien, notice of which is properly filed;
>
> (3) a debt of a kind specified in section 523(a)(4) or 523(a)(6) ...; or
>
> (4) a debt in connection with fraud [regarding] scholarship ....

As noted above, Dollar does not have an enforceable lien against the funds in the deposit account and none of the other exceptions apply. Although the courts are divided on the issue of whether a right of setoff defeats a debtor's right to exempt property under § 522, the majority view is that exempt property is not subject to setoff. *In re Jones*, 230 B.R. 875, 879 (M.D.Ala.1999). *See also In re Alexander*, 245 B.R. 280 (W.D.Ky.1999).

In *Alexander*, the District Court for the Western District of Kentucky held that exemptions had precedence over setoff rights. In that case, the IRS sought to set off against a prepetition debt an earned income tax credit that became payable to the debtor postpetition. Under Kentucky law, earned income credits have been determined to be public assistance benefits which are exempt from execution. Because the obligation to the IRS was not secured by a lien, and because the debtor had claimed the refund as exempt, setoff

---

4. Debtor asserts that under § 553(b)(1), Dollar's right of setoff may be negated to the extent that the balance in the account at issue increased from the time 90 days before the filing of the petition until the time Dollar received relief from stay. However, § 553(b) refers to setoffs that occurred within 90 days prepetition. In the matter before us, no setoff occurred prepetition.

was disallowed. The court concluded that the debtor had properly claimed an exemption under state law (Kentucky opted out of the federal exemptions) in property against which the IRS was attempting to assert a setoff. The district court agreed, noting that § 522(c) provides that exempt property is not liable for prepetition debt unless that debt falls into specified categories. *See* 11 U.S.C. § 522(c).

We recognize that some courts hold that § 522(c) does not prevent offset against exempt property. *See, e.g., In re Allen,* 266 B.R. 713 (Bankr.N.D.Iowa 2001); *In re Jones,* 230 B.R. at 879–80 (citing cases). These courts are in the minority. *In re Jones,* 230 B.R. at 879–80. Although Debtor herein chose the federal exemptions, we examine Pennsylvania law in an attempt to discern whether it provides for the priority of exemptions over the right of setoff. In this regard we examine the Pennsylvania general monetary exemption at 42 Pa.Cons.Stat.Ann. § 8123. That section provides:

(a) General Rule. In addition to any other property specifically exempted by this subchapter, property of the judgment debtor . . . to the value of $300 shall be exempt from attachment or execution on a judgment . . . .

(b) Exception. Subsection (a) shall not apply to any judgment:

(1) For support.

(2) Debtor who is not an individual.

(3) Obtained for board for four weeks or less.

(4) For $100 or less obtained for wages for manual labor.

(5) Obtained in foreclosing a mortgage secured upon real property wheth-

er the judgment is by an action in mortgage foreclosure or an action on a note, bond or other evidence of indebtedness accompanying a mortgage. The exception to the general monetary exemption provided for in this paragraph shall be limited to the real property secured by the mortgage. The exception shall not apply to any deficiency judgment.

Thus, it appears that the monetary exemption is inviolate except, in the case of a mortgage foreclosure, with respect to the real property itself. The monetary exemption is protected from a creditor holding a deficiency judgment. The creditor in the matter before us, Dollar Bank, never got as far as a deficiency judgment and if it had, that deficiency judgment would not be enough to defeat the Debtor's claim of monetary exemption under Pennsylvania law. Here, Dollar has what amounts to an unsecured claim.[5] Although Dollar's attempt to obtain a deficiency judgment was defeated because it filed out of time, it filed a timely proof of claim in this bankruptcy case and the portion not paid through the foreclosure action remains unsatisfied. The unsatisfied portion of Dollar's claim exceeds the amount in Debtor's deposit account as of the date Dollar filed its motion for relief from stay to proceed with the foreclosure action[6] and the amount in the deposit account is greater than the amount of the exemption claimed ($8,500). Thus, in the exercise of our discretion, we will permit Dollar to set off against the account with respect to amounts that exceed Debtor's exemption. The money in the account came in part from funds which Debtor's children had inherited and for which Debtor was the

---

5. Because the amount received in the foreclosure action was insufficient to cover the amount of the debt owed to Dollar, the remainder of Dollar's claim for bankruptcy purposes is unsecured.

6. That date was January 16, 2003, and the balance in the account was $21,160.24.

85

custodian. *See Tarbuck II*, 304 B.R. at 721, n. 4. Thus, in balancing the equities and the conflict between § 522(c) and § 553, Debtor's exemption wins. However, as between Dollar and competing unsecured creditors, Dollar's setoff right has precedence.

In the instant case, Debtor has properly claimed as exempt the funds in the deposit account. None of the exceptions listed in § 522(c) apply to render the property at issue liable for Dollar Bank's claim. It is within this court's discretion whether to permit setoff. *Matter of Bevill, Bresler & Schulman Asset Management Corp.*, 896 F.2d 54 (3d Cir.1990). Because the purpose of the Bankruptcy Code is to give the honest but unfortunate debtor a fresh start, *see Brown v. Felsen*, 442 U.S. 127, 128, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), we find insufficient basis on the facts of this case to disallow Debtor's exemption in the deposit account.

An appropriate order will be entered.

## ORDER OVERRULING OBJECTIONS TO EXEMPTIONS

**AND NOW,** this 3rd day of December, 2004, for the reasons expressed in the foregoing Memorandum Opinion, upon consideration of Dollar Bank, FSB's Objection to Amended Exemption, it is hereby **ORDERED, ADJUDGED and DECREED** that the objection is **OVERRULED.** Debtor is permitted his amended exemption and Dollar Bank shall forthwith pay to Debtor the $8,500.00 claimed as exempt with accrued interest thereon retroactive to the date Debtor claimed the exemption, i.e., February 12, 2004. Dollar Bank shall file proof of such payment within 20 days of the date of this Order. Dollar Bank may then set off the remaining proceeds in

the account against the debt owed to it by Debtor.